**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

JONNY ALEXANDER REYES MARTINEZ                           **PLAINTIFF**

v.                                    **CIVIL ACTION NO. 4:19-CV-P38-JHM**

JASON WOOSLEY                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Jonny Alexander Reyes Martinez, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed in part and allowed to continue in part, and Plaintiff will be given an opportunity to amend his complaint.

## I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Grayson County Detention Center (GCDC). He names as Defendant GCDC Jailer Jason Woosley in his individual and official capacities. He alleges that on March 15 his right shoulder was injured when the corrections officer driving the van in which he was riding "hit the brake" because he almost collided with another car, tossing Plaintiff to the front of the van. Plaintiff states that, once back at GCDC, he requested medicine for his pain from the medical unit. He states, "They put me on a pill to ease my pain." He states that after a few days they "gave me a pill that harm me." He explains that the morning after taking the new pill "my entire body started itching. The CO took me to medical and from there I was taking to the hospital. At the hospital, the doctor told me I was giv[en] a Tylenol and that the cause of my symptoms." He further states that he was released from the hospital and taken

back to GCDC but was rushed back to the hospital because his symptoms worsened. He states

that, at the request of the doctor, he was transferred from that hospital to a hospital in Louisville.

He states that he was told that on the way to the hospital he nearly suffered cardiac arrest and

that he was in a coma for two hours. He further states that he remained in the hospital for six

days.

Plaintiff alleges that GCDC was aware that he is allergic to Tylenol "but yet gave me the

pill because they didn't have what I was normally tak[ing]."

As relief, Plaintiff requests monetary damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either

in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff

has stated a claim upon which relief can be granted, the Court must construe the complaint in a

light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Individual-capacity claim*

The complaint does not contain any allegations against Defendant Woosley, the GCDC Jailer.

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, for a supervisor such as Defendant Woosley to be held liable under § 1983, Plaintiff must allege that Defendant Woosley was personally involved in the alleged unconstitutional conduct. Plaintiff does not do so, and, therefore, fails to state a claim against Defendant Woosley in his individual capacity.

*Official-capacity claim*

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Thus, the official-capacity claim against Defendant Woosley is in actuality brought against Grayson County.

When a § 1983 claim is made against a municipality, in this case Grayson County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981)

4

(citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The Court finds that Plaintiff has alleged a policy or custom of Grayson County of giving inmates Tylenol when other pain medication is not available either despite an inmate's allergy thereto or without checking whether an inmate is allergic.

Additionally, the Court will allow an opportunity Plaintiff to amend his complaint to name the person(s) in his/her/their individual capacity(ies) whom he alleges gave him Tylenol to which he is allergic.

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's individual-capacity claim against Defendant Woosley is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Memorandum Opinion and Order Plaintiff may file an amended complaint naming the person(s) responsible for giving him medication to which he is allergic. The Clerk of Court is **DIRECTED** to send to Plaintiff a copy of the prisoner § 1983 form with this case number and "AMENDED" affixed thereto.

Once that 30-day period has expired, the Court will conduct initial review of the amended complaint, if one is filed, and enter an order governing service and setting deadlines for the development of the remaining claims.

Date:   July 2, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
        Grayson County Attorney
4414.009