UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00038-JHM-HBB

**JONNY ALEXANDER REYES MARTINEZ**                                                    **PLAINTIFF**

**VS.**

**JASON WOOSLEY, et al.**                                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff's motion styled "Motion for Discovery" (DN 56). Defendant Jason Woosley has filed a Response (DN 57), and Plaintiff has filed a Reply (DN 59).

Although styled as a "motion for discovery," Plaintiff's motion is actually to compel more fulsome responses to discovery requests. He complains that he asked for the identity of "Jennifer" and was only informed that she was a "deputy jailer" without being provided her last name or any other means of identifying her. He also complains that he was provided a list of three medical technicians, one registered nurse and one licensed practical nurse as working at the jail on the day in question. He disputes this and contends only two or three medical professionals were working. Finally, he complains that he has not been provided the identities of "the two men driving the vehicle the day of the transport" (DN 56, p. 1-2). Significantly, he does not provide copies of the discovery requests and responses, or even specifically identify the discovery requests in issue.

In response, Defendant Woosley identifies three interrogatories which he believes are the subjects of Plaintiff's motion. As to the identity of the deputy jailer identified as "Jennifer," the Defendant supplements the response with her last name (DN 57, p. 2). Regarding the identification

of the medical personnel, Woosley has reproduced the discovery request in which the Plaintiff asked for then job titles of specifically named medical personnel for March 15, 2018. Woosley states that he provided the information as requested. As to an interrogatory asking for the names of medical staff members working "the day I was given Tylenol that started the allergic reaction," Woosley objected because no date was specified, and it assumed a fact that the Defendant disputed. Finally, with regard to the request for the identities of the "two drivers," Woosley asserts that no such discovery request has been propounded (Id. at p. 1-2).

In reply, the Plaintiff complains about a number of factual questions to which he indicates he has not been provided answers. Again, he does not provide copies of the requests and responses, nor has he specifically identified what discovery requests or responses are at issue.

The Federal Rules of Civil Procedure provide litigants a variety of tools with which to gather information. These include interrogatories under Rule 33, requests for production of documents under Rule 34, requests for admission under Rule 36, and depositions either orally or by written questions under Rules 30 and 31. If a party believes that the opposing party has failed to satisfy its obligation to provide reasonable and good-faith responses to a discovery request, then the party may seek judicial intervention by way of a motion to compel. However, the Court can only assess the adequacy of a discovery response on an individual basis. This means it is the responsibility of the complaining party to specifically identify the particular discovery inquiry, the response to that inquiry and how the response is deficient. This can be done by identifying the particular inquiry in question and providing a copy of the question and response or setting it forth in the motion. The Court cannot resolve discovery issues based on generalities. The Court must know *specifically* "what did you ask," *specifically* "what was the response," and *specifically* "what is the alleged deficiency in the response as set forth." Only then can the court determine if the

response is adequate.  The Court cannot require a party to provide information for which there has not been a formal request.  Here, the motion does not demonstrate that there is any discovery to be compelled.  **WHEREFORE**, the Plaintiff's motion for discovery (DN 56) is **DENIED**.

As an additional note, the Plaintiff concludes his Reply with a request that "all video of the Grayson County Detention Center inside and out be preserved and provided in discovery for March 15, 2018, April 4, 2018, and April 5, 2018" (DN 59, p. 2).  As the Court has previously advised the Plaintiff, discovery requests are not properly made by way of motion or as part of a responsive pleading.  If Plaintiff desires to obtain video recordings from a party, he should do so by way of a request for production under Fed. R. Civ. P. 34. or from a non-party by way of subpoena under Rule 45.

August 30, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:  Jonny Alexander Reyes Martinez, *pro se*
         Counsel