UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JONNY ALEXANDER REYES-MARTINEZ                                        PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:19-CV-38-CRS

JASON WOOSLEY                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant Jason Woosley filed a motion for summary judgment (DN 82). Plaintiff filed an "Objection" to the motion which the Court construes as his response (DN 85), and Defendant filed a reply (DN 86). This matter is ripe for adjudication. For the following reasons, the Court will grant Defendant's motion.

**I.**

Plaintiff Jonny Alexander Reyes-Martinez was incarcerated as a pretrial detainee at Grayson County Detention Center (GCDC) at the time pertinent to this action. He sued Defendant GCDC Jailer Woosley in his individual and official capacities. In the verified complaint, Plaintiff alleged that on March 15, 2018, while on his way back to GCDC from a court appearance, the driver of the transport vehicle hit the brakes and caused Plaintiff to fall injuring his right shoulder. (DN 1). Plaintiff alleged that he requested medication for his shoulder. *Id*. He states:

> They put me on a pill to ease my pain after a few days they gave me a pill that harm me that mornin after taking the pill my entire body started itching. The C.O. took me to medical and from there I was taking to the hospital. At the time, the doctor told me I was giving a Tylenol and that was the cause of my symptoms. Grayson County is aware that I'm allergic to Tylenol but yet gave that pill because they didn't have what I was normally taken . . . .

*Id*. Plaintiff states that he had to be hospitalized for several days after GCDC allegedly gave him Tylenol. *Id*.

On initial review, the Court broadly construed Plaintiff's official-capacity claim against Defendant Woosley as a claim that Grayson County had a "policy or custom of giving inmates Tylenol when other pain medication is not available either despite an inmate's allergy thereto or without checking whether an inmate is allergic" (DN 6, Memo. Op., PageID.30). *Id*.[1,2]

**II.**

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden "may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Id*.; *see also Thurmond v. Cnty. of Wayne*, 447 F. App'x 643, 652 (6th Cir. 2011); *Layne v. Walmart, Inc.*, No. 20-6119, 2021 U.S. App. LEXIS 23134, at *5 (6th Cir. Aug. 4, 2021).

---

[1] On January 7, 2021, the Court granted Defendant Woosley's first motion for summary judgment based upon its conclusion that Plaintiff had failed to exhaust his administrative remedies (DN 29). Plaintiff appealed this decision, and on August 30, 2021, the Sixth Circuited entered an Order reversing the Court's grant of summary judgment on the ground that there was no evidence that Plaintiff had access to a Spanish language version of GCDC's grievance procedures and that the grievance process was therefore "unavailable "to him (DN 44).

[2] The record additionally shows that the Court provided Plaintiff more than one opportunity to file an amended complaint against any other GCDC officials involved in the incident set forth in the complaint. Plaintiff, however, never filed an amended complaint which complied with the Court's instructions that he use a Court-supplied form to name any additional individuals as Defendants and indicate that he was suing them in their individual capacities.

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010). Yet statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

### III.

Defendant argues that summary judgment should be granted in his favor because Plaintiff has failed to point to any evidence that he suffered a constitutional injury at GCDC, as described in the complaint, or to any GCDC custom or policy which caused his purported constitutional injury. The Court agrees.

Plaintiff's official-capacity claim against Defendant is actually against his employer, Grayson County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.

*Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

### A. Constitutional Violation

The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Therefore, when a pretrial detainee asserts a claim of deliberate indifference, the claim is analyzed under the Fourteenth Amendment. *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). However, in *Kingsley v. Hendrickson*, the Supreme Court analyzed the standard applied to an excessive-force claim brought by a pretrial detainee and eliminated the subjective prong of the deliberate indifference standard for such a claim. 576 U.S. at 397-400.

In *Brawner v. Scott Cnty.*, the Sixth Circuit held in a panel decision that "*Kingsley* requires modification of the subjective prong of the deliberate-indifference test for pretrial detainees" in the context of a claim of deliberate indifference to serious medical needs. 14 F.4th at 596. *Brawner* held that to show deliberate indifference, "[a] defendant must have not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm

4

that is either known or so obvious that it should be known.'" *Id*. (quoting *Farmer*, 511 U.S. at 836). Put another way, the Sixth Circuit held, "[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (internal quotation marks omitted).

Here, neither party disputes that an allergy to Tylenol could constitute an objectively serious medical need. Rather, Defendant argues that the evidence shows that no GCDC official was deliberately indifferent to that need because there is no evidence that any GCDC official prescribed Plaintiff Tylenol.

In his verified complaint, Plaintiff asserted that a hospital doctor informed him that someone at GCDC had given him Tylenol and "that was the cause of my symptoms." (DN 1). Although a "verified complaint . . . carries the same weight as would an affidavit for the purposes of summary judgment," allegations in a verified complaint alone cannot by themselves defeat summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). To constitute evidence sufficient to support or oppose a motion for summary judgment, an affidavit - and, thus, a verified complaint - "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Courts thus evaluate whether claims in affidavits submitted at summary judgment are made from personal knowledge. *See, e.g., Totman v. Louisville Jefferson Cnty. Metro. Gov't*, 391 F. App'x 454, 463 (6th Cir. 2010); *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (holding that affiant's "statement . . . based upon his 'belief . . . did not demonstrate the personal knowledge required by" Rule 56). The burden to establish that a witness has personal knowledge of the statements made in an affidavit or verified complaint falls to the party relying on that testimony. *See Wilson v. Budco*, 762 F. Supp. 2d 1047, 1057 (E.D. Mich. 2011). Affidavits

5

at the summary judgment stage may not rely upon inadmissible hearsay because inadmissible hearsay "cannot create a genuine issue of material fact." *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997). Without more, self-serving affidavits are not enough to create an issue of fact sufficient to survive summary judgment. *Wolfe v. Vill. of Brice, Ohio*, 37 F. Supp. 2d 1021, 1026 (S.D. Ohio 1999) (citing *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir.1995). Thus, because Plaintiff does not allege in the verified complaint that he had personal knowledge that GCDC had prescribed him Tylenol, the statement allegedly made to Plaintiff to that effect by a doctor at the hospital fails to constitute evidence that a GCDC official gave him Tylenol.[3,4]

In the affidavit Plaintiff filed in support his response (DN 85-9, ¶ 6), Plaintiff avers, "[w]hen I was provided a different pill I let the medical person know that it was not the right pill." Although this statement is admissible as evidence, it does not show that a GCDC official provided Tylenol to Plaintiff prior to his hospitalization.[5]

Thus, the Court concludes that Defendant has met its burden of showing that Plaintiff has presented no evidence that he suffered a constitutional violation as set forth in the complaint, *i.e.*, that Plaintiff received Tylenol from a GCDC employee which caused him to have a serious allergic reaction requiring hospitalization.

---

[3] In his response, Plaintiff states that GCDC "gave him a pill that harmed him," that his allergic reaction began before he was transported to the hospital, and that because GCDC did not inform the hospital that he was allergic to Tylenol, they prescribed it to him." (DN 85, Pl.'s Resp., PageID.393). This version of events differs from Plaintiff's allegation in the complaint because it changes his argument about what entity, if any, actually prescribed him Tylenol.

[4] In his response, Plaintiff also argues that he cannot show that a GCDC official prescribed him Tylenol because Defendant failed to provide him with a copy of his medication log. Defendant, however, attaches of a copy Plaintiff's medication log to its reply and states that he provided Plaintiff a copy of the log as part of the discovery process. *See* DN 86-1.

[5] Defendant presents evidence in support of his motion that no GCDC official provided Plaintiff with Tylenol. However, the Court need not consider this evidence since it agrees with Defendant that Plaintiff has failed to present any evidence that a GCDC official provided him with Tylenol.

## B. Custom or Policy

Even if Plaintiff had presented evidence that he suffered a constitutional harm, he has not presented evidence that Grayson County has a custom or policy which caused such harm. *See Thurmond v. Cnty. of Wayne*, 447 F. App'x 643, 651 (6th Cir. 2011) ("[I]t is well settled that [t]here can be no *Monell* liability under § 1983 unless there is an underlying unconstitutional act.'" (quoting *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007))).

There are four methods of showing the municipality had such a policy or custom: the plaintiff may prove "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted)."

The Court construed the complaint as asserting that GCDC had a custom or policy of "giving inmates Tylenol when other pain medication [was] not available either despite an inmate's allergy thereto or without checking whether an inmate is allergic." However, as Defendant points out, Plaintiff has presented no evidence of such a custom or policy. Plaintiff does reference several GCDC policies in his response; however, most are in no way related to his Tylenol/allergic reaction claim. Plaintiff also fails to argue or show that a GCDC official with final decision-making authority ratified illegal actions or the existence of a policy of inadequate training or supervision.

Plaintiff does argue, for the first time, that if he had been provided a Spanish translator for the Screening Questions he was asked upon intake, *see* DN 85-6, PageID.450, he would have answered the question about whether he had an allergy to any medication or food with a "yes." Plaintiff, however, fails to show that Grayson County's purported failure to provide a translator

7

for him, a non-native English speaker, during his intake screening is a GCDC custom. For purposes of *Monell*, a "custom" is a practice that "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law," even though it is not formally approved. *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495-96 (6th Cir. 2008) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403-404 (1997)); *see also Doe v. Claiborne Cnty.*, 103 F.3d, 495, 508 ("In short, a 'custom' is a 'legal institution' not memorialized by written law.") (citing *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993)). There is no evidence in the record that GCDC had a widespread practice of failing to provide translators for non-native English speakers during intake screenings, or during subsequent medical appointments, or that such a practice had previously caused a constitutional injury to any GCDC inmate.

For all of these reasons, the Court concludes that Defendant has satisfied it burden of showing that there is no evidence to support Plaintiff's claim and that Defendant is entitled to judgment as a matter of law.[6]

---

[6] At the conclusion of his response, Plaintiff argues that summary judgment should not be granted because he has requested video of "inside and out side the GCDC facility" and it has not been produced. (DN 85, PageID.412). Plaintiff states that this footage is "important to the case" and that it "would have been as simple as watching a video to prove this case. . . . ." (*Id.* at PageID.413). Under Fed. R. Civ. P 56(d), if a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (citing *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003)). While the nonmoving party usually must file a formal affidavit that states "the materials [it] hopes to obtain with further discovery," . . . Rule 56(d) is also satisfied if the party complies with its "substance and purpose' by "inform[ing] the district court of [his] need for discovery prior to a decision on the summary judgment motion." *Moore v. Shelby Cnty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (internal quotation marks and formatting omitted). Although Plaintiff did not style his argument regarding the video evidence as a Fed. R. Civ. P. 56(d) motion or file a supporting affidavit or declaration, even if the Court broadly construed his argument as such, the Court would deny the motion because his request for video "inside and out side the GCDC facility" is too vague. *See Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. Sept. 30, 2004) (holding that it is not an abuse of discretion to deny a Rule 56(d) motion when the movant makes only general and conclusory statements regarding the need for the need for the requested material); *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)( holding it is not an abuse of discretion to deny a Rule 56(d) motion "when the affidavit lacks 'any details' or 'specificity'").

## IV.

For the reasons set forth above, and the Court being otherwise sufficiently advised, Defendant's motion for summary judgment (DN 82) is **GRANTED**.

Date: December 4, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4411.011

9